UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kerry Boyer, Jr.

   v.                                        Civil No. 15-cv-343-JD

Warden Esker Tatum

**REPORT AND RECOMMENDATION**

    Kerry Boyer, Jr., a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"), has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging his pretrial credit calculation. The matter is before this magistrate judge for preliminary review, to determine whether the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

    In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a facially valid claim to relief that is cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner is

proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

On November 15, 2010, Boyer was arrested and charged with narcotics-related offenses in state court in Ohio. While released on bail on those charges, he committed additional narcotics-related offenses. Boyer was charged in state court, and detained in the Summit County Jail ("SCJ"), on February 17, 2011. On June 2, 2011, the state court sentenced Boyer to a nine months incarceration, and gave him credit against that sentence for the four months he had spent in jail prior to his sentencing.

On March 2, 2011, while awaiting plea and sentencing on the state charges, Boyer was indicted on federal drug offenses. On March 17, 2011, he was transported to federal court and arraigned on the federal charges and waived a detention hearing. Boyer was then returned to the SCJ.

On September 9, 2011, Boyer was furloughed from his state incarceration to a halfway house. He was released directly from the halfway house in November 2011. According to the documents

attached to Boyer's petition,[1] it appears Boyer was released in error, as a federal detainer had been lodged against him while he was still in state custody, and he should have been held on that detainer once his state sentence terminated.  A warrant for Boyer's arrest issued, and, on January 5, 2012, he was arrested on the federal charges, on which he had been arraigned and ordered detained on March 17, 2011.

On June 19, 2012, Boyer was sentenced in federal court to seventy-five months of incarceration, followed by supervised release.  See United States v. Boyer, No. 5:11-cr-00083-LW-1, (N.D. Ohio June 19, 2012), ECF No. 86.  Boyer filed an appeal in the Sixth Circuit Court of Appeals, and that court affirmed his sentence.  See United States v. Boyer, No. 12-3836, slip op. at 7 (6th Cir. Aug. 27, 2013), ECF No. 55-1.

### Boyer's Claim

In this action, Boyer seeks credit for the nine months he spent in jail on his state sentence.  The Bureau of Prisons ("BOP") has declined to credit him with that time.  Boyer argues that the federal sentencing court judge clearly articulated that

---

[1] Pursuant to Fed. R. Civ. P. 10(c), all of the documents attached to Boyer's petition are considered to be part of the petition for all purposes.

3

she expected and intended that Boyer would receive credit for that time, but that the court was unaware of certain provisions of the federal sentencing guidelines that would have allowed her to impose Boyer's sentence in a manner that reflected that intention. Specifically, Boyer asserts that the sentencing court was not aware of U.S.S.G. §§ 5K2.23 and 5G1.3(b), and that had the court been aware of those provisions, it would have applied them to Boyer's sentence, because the state court offenses were "related" to the federal offenses. Boyer claims that if the court had applied §§ 5K2.23 and 5G1.3(b) to his case, his sentence would have been reduced, effecting the same result as if he had received credit for the nine months credited only to his state sentence.

## Discussion

A federal defendant is entitled to credit against his federal sentence,

> for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

4

18 U.S.C. § 3585(b).  "Section 3585(b)(2) makes 'clear that a defendant [can]not receive a double credit for his detention time.'"  United States v. Wetmore, 700 F.3d 570, 576 n.3 (1st Cir. 2012) (quoting United States v. Wilson, 503 U.S. 329, 337 (1992)).  The court therefore finds that there was no error in the BOP's calculation of Boyer's sentence, to the extent it included a denial of pretrial credit for the time Boyer spent serving a state sentence.

Contrary to Boyer's assertions, nothing in the portion of the sentencing hearing transcript which Boyer has attached to his petition, see Doc. No. 1, 8-14, indicates that the court intended that Boyer receive credit for the nine months he served on his state sentence, or that she would have reduced his sentence, but was unaware of her ability to do so.

> The court engaged in the following exchange with Boyer:
>
> COURT: You won't get credit for time served on the state sentence.  You'll only be given credit as calculated by the Bureau of Prisons –
>
> BOYER: Even though I was in federal custody?
>
> COURT: If the Bureau of Prisons finds that you were in federal custody, pursuant to the federal charges –
>
> BOYER: Yes.
>
> COURT: -- more likely than not, you'll be given credit for that.  But if you were in state custody, pursuant to state charges, you won't get credit for that.

Id. at 12. While the court did go on to speculate that Boyer might get credit for additional time he spent in custody prior to January 5, 2012, nothing in the record indicates that that was the court's intent or expectation. Boyer has failed to demonstrate that he is entitled to additional pretrial credit than what the BOP has awarded to him. The district judge should dismiss the petition.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition (doc. no. 1). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 14, 2016

cc:   Kerry Boyer, Jr., pro se
      Seth R. Aframe, Esq.

6